IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NANCY DAVIS,

     Plaintiff,

v.                               CASE NO. 1:10-cv-00046-MP -GRJ

MICHAEL J ASTRUE,
Commissioner of Social Security,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

     Pending before the Court is Defendant's Motion To Remand. (Doc. 17.)

Defendant requests the Court to remand this case to the Commissioner for further

proceedings.  Pursuant to Local Rule 7.1(b), counsel for Defendant represents that he

has conferred with counsel for Plaintiff and Plaintiff does not object to the relief

requested.

     Defendant has moved to remand this matter to the Commissioner under

sentence four of 42 U.S.C. § 405(g) which provides that:

> The court shall have power to enter, upon the pleadings and transcript of
> the record, a judgment affirming, modifying or reversing the decision of
> the Commissioner of Social Security, with or without remanding the cause
> for a rehearing.

     Upon request of agency counsel, the Appeals Council has reconsidered the

administrative decision and determined that remand is appropriate for a hearing and

further development.

     It is, therefore, respectfully **RECOMMENDED** that Defendant's Motion To

Remand (doc. 17) be **GRANTED**, and that this action be **REVERSED and REMANDED**

pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner.

The Appeals Council will remand the case to an administrative law judge to fully consider and address the opinions of Andres Nazario, Jr., Ph.D., and clearly articulate reasons for the weight given to his opinions. The ALJ will also address Plaintiff's Residual Functional Capacity (RFC) in terms of social functioning and provide rationale for any limitations imposed or not imposed. If necessary, the ALJ will obtain evidence from a medical expert to clarify the nature of, and resultant limitations. After the ALJ has established Plaintiff's RFC the ALJ will obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's potential occupational base. Hypothetical questions to the vocational expert should reflect the specific capacity/limitations established by the record as a whole. The ALJ should ask the vocational expert to identify examples of compatible jobs in the national economy. Before relying upon the vocational evidence, the ALJ will — in accordance with Social Security Ruling 00-4p – identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT), and its companion publication, the Selected Characteristics of Occupations. It is also **RECOMMENDED** that the Clerk be directed to enter final judgment accordingly, terminate any pending motions, and close the file.

At Gainesville, Florida, this 12th day of November, 2010.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**